**In re CASH CURRENCY EXCHANGE, INC., an Illinois Corporation, et al., Debtors.**

**DELTA SERVICE COMPANY, INC., Plaintiff,**

v.

**R. Steven POLACHEK and Jay A. Schiller, Defendants.**

**No. 88 C 0586.**

United States District Court, N.D. Illinois, E.D.

March 16, 1988.

---

Dozoryst Cosby & Brustein, Chicago, Ill., for plaintiff.

Lawrence Jay Weiner, Cohen Starck & Weiner, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

ASPEN, District Judge:

█ Currently before the Court is the motion of defendants R. Steven Polachek and Jay A. Schiller for leave to appeal under 28 U.S.C. § 158(a) and Rule 8003 of the Rules of Bankruptcy Procedure. Polachek and Schiller seek to challenge Bankruptcy Judge Thomas W. James' denial of their motion to recuse. Defendants do not indicate the statutory basis for their underlying motion to recuse. Their only indication of the basis for the motion is to state it was "based, *inter alia,* upon an ex-parte conversation between the Hon. Judge Thomas W. James and the attorney representing the plaintiff herein, Delta Service Company Inc. in another adversary proceeding involving the same debtors, the same attorney representing the defendants herein, and the same attorneys representing the plaintiff herein and the plaintiff in the other adversary proceeding." Based on this limited information, it appears that Polachek and Schiller base their motion to recuse on 28 U.S.C. § 455(a), instead of any particular mandatory recusal under § 455(b). Because a petition for a writ of mandamus is the only remedy to review denial of a motion to recuse under 28 U.S.C. § 455(a), *In re National Union Fire Insurance Company,* 839 F.2d 1226, 1227 (7th Cir.1988), we deny the present motion for leave to appeal. Polachek and Schiller are warned, however, that the remedy of mandamus is reserved for serious questions, and accordingly, in "frivolous and even routine cases in which a party challenges the judge's refusal to recuse himself, mandamus will be denied—with sanctions, if the petition for mandamus is frivolous." *Union Carbide Corp. v. United States Cutting Service, Inc.,* 782 F.2d 710, 713 (7th Cir.1986).

█ Should defendants seek a petition for a writ of mandamus or leave to appeal because of Judge James' refusal to recuse himself under § 455(b), they must submit their motion with a memorandum in support, setting forth the factual and legal support for their motion. It must address the legal justification for leave to appeal a bankruptcy judge's refusal to recuse under § 158(a), *see, i.e., In re Huff,* 61 Bankr. 678 (N.D.Ill.1986), or by a writ of mandamus, and it must address the underlying merits, setting forth the legal and factual support for Judge James' recusal.

In conclusion, Polachek and Schiller's motion for leave to appeal is denied. It is so ordered.